Ricardo Moreno ROMERO,
aka Ricardo Moreno,
Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 13–72856.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Ricardo Moreno Romero, Orange, CA, pro se.

Tracey McDonald, OIL, DOJ–U.S. Department of Justice, Washington, DC,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Ricardo Moreno Romero, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. *See Alphonsus v. Holder,* 705 F.3d 1031, 1036–37 (9th Cir.2013). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey,* 524 F.3d 1066, 1070 (9th Cir.2008). We dismiss in part and deny in part the petition for review.

The BIA determined Moreno Romero is ineligible for asylum based on his conviction for an aggravated felony. Moreno Romero does not raise any constitutional challenges or questions of law, so the court lacks jurisdiction to review his asylum claim. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

With respect to withholding of removal, we reject Moreno Romero's contention that, as a matter of law, his conviction cannot be considered a particularly serious crime because his sentence was for less than five years. *See* 8 U.S.C. § 1231(b)(3) (Attorney General may determine an applicant has been convicted of a particularly

serious crime "notwithstanding the length of sentence imposed"); *see also Miguel–Miguel v. Gonzales,* 500 F.3d 941, 947, 949 (9th Cir.2007). Thus, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Moreno Romero's CAT claim because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008). We reject Moreno Romero's contention that the agency did not adequately consider his evidence.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

